# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Lausteveion Johnson, | Case No. 2:17-cv-001668-JAD-CWH |
| Plaintiff | |
| v. | **Order Denying Motions to Consolidate** |
| Lewis, et al. | [ECF Nos. 26, 27, 29, 32] |
| Defendants | [also filed in 2:17-cv-1671-APG-VCF ECF Nos. 32, 33, 34] |

Pro se prisoner plaintiff Lausteveion Johnson filed two civil-rights lawsuits on June 8, 2017.[1] Although both suits seek redress for events that Johnson claims occurred during his incarceration at the Southern Desert Correctional Center and there is some overlap between the events and the named defendants, there are marked differences, and the cases are in different stages of the litigation process. Johnson has filed three motions to consolidate these two matters.[2] The defendants state that they do not necessarily oppose consolidation, but they would need a case-management conference before they could be certain.[3]

Rule 42 of the Federal Rules of Civil Procedure allows courts to consolidate matters that involve a common question of law or fact. And "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."[4] When exercising its broad

---

[1] This action and 2:17-cv-1671-APG-VCF.
[2] ECF Nos. 26, 27, 29.
[3] ECF No. 32.
[4] *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

discretion, the court must "weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."[5]

Although the common questions in Johnson's cases permit the court to consolidate them under Rule 42, I find that the differences between the cases and their procedural postures weigh against consolidation. Johnson's second-filed case contains claims against additional defendants Dreesen, Barrit, and Knatz and adds a medical-needs component that is not present in the first-filed action. And the procedural postures are markedly different. Discovery in this case expired on May 17, 2019, but some defendants have moved to further extend it.[6] Discovery in the second-filed case has not yet begun because no scheduling order has been entered. I find that these differences and the likely confusion of issues, claims, and parties that consolidation will cause outweighs any benefit that the parties could hope to gain by consolidating these cases.

Accordingly, IT IS HEREBY ORDERED that the motions to consolidate **[ECF Nos. 26, 27, 29] in this case (and ECF Nos. 32, 33, 34 in 2:17-cv-1671-APG-VCF) are DENIED.**

And because defendants' motion for a case-management conference was filed "to address numerous issues raised by Plaintiff's consolidation requests," which the court has now denied, IT IS FURTHER ORDERED that the motion for case-management conference **[ECF No. 32] is DENIED as moot.**

Dated: May 20, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).
[6] ECF No. 38.